UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CYNTHIA JAMES, ET AL                                             No. 17-cv-86

VS.

UNITED STATES OF AMERICA                                         APRIL 3, 2017

**MOTION TO WITHDRAW NOTICE OF DISMISSAL AND
ENTER PROPOSED ORDER**

      The plaintiff inadvertently filed a notice of voluntary dismissal when in fact a motion pursuant to Rule 41 ought to have been filed.

      As set forth in the attached proposed order, this case was initially brought against the wrong defendants: a federally funded healthcare center and one of its physician staff members. This type of a case must first be brought administratively as a federal tort claims notice to the U.S. government. There is a savings statute which allows a claimant to file such a notice after mistakenly bringing a timely civil action. This savings statute, however requires that first the right defendant be substituted- meaning the U.S.A., and then that this Court dismiss the action for failure to first file the required administrative notice.

      Wherefore, the plaintiff respectfully requests that her notice of voluntary dismissal be erased or withdrawn, and that the attached proposed order be entered which resolves the case in conformity with the savings statute.

THE PLAINTIFF

By /s/ Michael A. Stratton ct08166

Michael A. Stratton Esq.
Stratton Trials
33 King Street
Stratford, CT 06615
203.266.1300

## CERTIFICATION

      Undersigned certifies that this pleading was properly electronically filed and that all counsel of record received a copy electronically.

                                                                  /s/ Michael A, Stratton ct08166

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA JAMES, as administrator : | |
| of the Estate of DeMOIR REYNOLDS : | |
|    *Plaintiff*, : | |
| v. : | No. 17-cv-86 |
| : | |
| UNITED STATES, : | MARCH 24, 2017 |
|    *Defendant*. : | |

### ORDER DISMISSING CASE

The FTCA bars lawsuits "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This "administrative exhaustion requirement is jurisdictional." *Flynn v. NFS*, No. 3:16-CV-01365 (SRU), 2016 WL 7246070, at *3 (D. Conn. Dec. 15, 2016); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that exhaustion requirement contained in Section 2675(a) is jurisdictional). As stated during a conference call with this Court on March 24, 2017, during which counsel for both parties were present, the plaintiff in this Federal Tort Claims Act case failed to first present an administrative claim as required by to 28 U.S.C. 2675(a).

The Complaint alleges that Plaintiff's decedent passed away on October 26, 2014. The state court filings reflect that plaintiff served the "deemed" community health center with a writ, summons, and complaint on October 20, 2016. *James v. Staywell Healthcare, Inc.*, NNH-CV16-6066376-S, Entry No. 110.30, "Return of Service" (Conn. Super. Nov. 21, 2016). Therefore, it appears that plaintiff's "claim would have been timely had it been filed on the date the underlying civil action was commenced." 28 U.S.C. 2679(d)(5)(A).

Accordingly, this case is dismissed without prejudice "for failure first to present a claim pursuant to" 28 U.S.C. 2675(a). The plaintiff is granted leave to file an administrative claim with the appropriate agency so that the plaintiff make take steps to avail herself of the FTCA's savings clause, 28 U.S.C. § 2679(d)(5). *See Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 148 (2d Cir. 2013).

It is so ordered.

_____

Stefan R. Underhill
United States District Court Judge