**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CYNTHIA JAMES, as Administrator of the Estate of DeMoir Reynolds, Plaintiff,<br><br>v.<br><br>STAYWELL HEALTH CARE, et al., Defendants. | No. 3:17-cv-00086 (SRU) |

**ORDER DISMISSING CASE**

Cynthia James (as administrator of the estate of DeMoir Reynolds) filed a complaint against StayWell Health Care ("StayWell") in Connecticut Superior Court on October 16, 2016. Compl., Doc. No. 1-1. James alleged that StayWell and its employee, Dr. Stephen Rossner, negligently provided medical care to Reynolds, and that their deviation from the appropriate standard of care proximately caused Reynolds's death. *See id.* at 3–4.

Apparently unbeknownst to James or her attorneys when they filed suit, *see* Mot. Substitute, Doc. No. 9, at 1, StayWell is a federally funded healthcare clinic. *See* Pet. Removal, Doc. No. 1, at 1–2. "In instances where a tort action is brought against a federally funded public health center (construed as an employee of the United States . . . ) for conduct within the scope of its federal employment, the Attorney General (or . . . one of his [or her] designees) may certify that the health center was indeed acting as a federal employee at the time of the incident." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). On January 20, 2017, the Civil Chief of the United States Attorney's Office for the District of Connecticut certified that "StayWell . . . and its employees were acting within the scope of their federal employ[ment] as employees of the Public Health Service at the time of the incident(s) out of which the plaintiff's claim arose." Pet. Removal, Doc. No. 1, at 1–2 (citing Certification, Doc.

No. 1-2, at 1). As a result, James's claims were "deemed a tort action brought against the United States" under the Federal Tort Claims Act ("FTCA"), and the United States removed James's suit to this court. *Id.* at 1 (quoting 42 U.S.C. § 233(c)).

The FTCA provides a limited waiver of sovereign immunity and allows a lawsuit to proceed against the United States under circumstances where a private party would be liable under state law. *See* 28 U.S.C. § 1346(b). The proper defendant in an FTCA case is the United States, not individual federal employees or agencies. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). In addition, the FTCA bars lawsuits "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "Th[at] requirement is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82. When an FTCA plaintiff has "failed to exhaust her administrative remedies, . . . the suit must be dismissed for lack of subject matter jurisdiction." *Id.* at 84.

During a conference call with the court on March 24, 2017 (during which counsel for both parties were present), the parties agreed that James failed to present an administrative claim as required by the FTCA. *See* 28 U.S.C. § 2675(a). Because the state court filings reflect that James served StayWell with a writ, summons, and complaint on October 20, 2016, Return of Service, *James v. StayWell Health Care*, NNH-CV16-6066376-S, Doc. No. 100.30 (Conn. Super. Ct. Nov. 21, 2016), it appears that her "claim would have been timely had it been filed on the date the underlying civil action was commenced." *See* 28 U.S.C. § 2679(d)(5)(A).

Accordingly, I grant James's motion to withdraw her notice of dismissal, Doc. No. 11, and dismiss this case without prejudice "for failure first to present a claim pursuant to" 28 U.S.C. § 2675(a). *See* 28 U.S.C. § 2679(d)(5); *see* Mot. to Withdraw, Doc. No. 14. James is granted

leave to file an administrative claim with the appropriate agency so that she may take steps to

avail herself of the FTCA's savings clause. *See Phillips v. Generations Family Health Ctr.*, 723

F.3d 144, 148 (2d Cir. 2013).


      So ordered.

Dated at Bridgeport, Connecticut, this 5th day of April 2017.


                  /s/ STEFAN R. UNDERHILL
                  Stefan R. Underhill
                  United States District Judge